UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN PACK, JR.,

Petitioner,

v.

WARDEN,

Respondent.

No. 2:24-cv-2998-SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is an incarcerated individual representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition because it does not contain any cognizable claim for relief. ECF No. 9. Petitioner has filed an opposition to the motion. ECF No. 13. For the reasons explained below, the undersigned recommends granting respondent's motion to dismiss.

**I. Factual and Procedural History**

In 1995, the San Joaquin County Superior Court sentenced Petitioner to an indeterminate term of 15 years to life, in addition to a 4 year determinate term, for a second degree murder conviction. This habeas petition challenges his October 4, 2022 parole denial on the basis that the California Board of Parole Hearings ("BPH") erred in determining that he posed an unreasonable danger to the community if released on parole. ECF No. 1. Specifically, petitioner contends that the BPH decision ignored petitioner's risk assessment that indicated that he was a low risk for

reoffending. Id. at 17-18. Additionally, petitioner submits that the BPH engaged in a credibility assessment to deny him parole, which is not one of the statutory criteria for parole determinations. Id. at 19. Thus, the denial was arbitrary and capricious. Id. Finally, petitioner submits that the BPH failed to consider elderly parole. Id. at 21. Based on these failures, petitioner asserts that his right to due process was violated by the BPH.

Respondent filed a motion to dismiss, asserting that since petitioner was afforded an opportunity to be heard and a statement of reasons why parole was denied, the BPH did not deny his procedural due process rights. ECF No. 9 at 3 (citing Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16 (1979)). Petitioner's challenges to the BPH's parole denial do not raise a constitutional due process claim because there is simply no right to have a state parole denial supported by "some evidence." See Swarthout v. Cooke, 562 U.S. 216, 221 (2011). For this reason, the petition should be dismissed with prejudice.

## II. Legal Standards

Federal habeas relief may be granted "only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (emphasizing that federal habeas relief is not available for "alleged error in the interpretation or application of state law."). Errors in state law, when merely labeled as a due process violation, are not actionable in a federal habeas corpus petition. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified) (stating that a state law issue cannot be transformed into a federal one "merely by asserting a violation of due process"). Put simply, there is no federal constitutional requirement to be released on parole before the expiration of petitioner's sentence of 19 years to life. See Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Swarthout, 562 U.S. at 220 (emphasizing that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.").

The only permissible constitutional inquiry into the denial of parole is "whether the procedures followed by the State were constitutionally sufficient" within the meaning of the Due Process Clause. Id. at 219. Federal courts may not review the substantive merits of a parole denial, which remains a matter of state law. Id. So long as the procedural protections for vindicating a prisoner's liberty interest in parole were adequate, the due process inquiry ends. Id. at 220-221 (emphasizing that "[n]o opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement."). Procedural due process is satisfied if the prisoner was afforded an opportunity to be heard and informed of the reasons why parole was denied. See Greenholtz, 442 U.S. at 16.

**III. Analysis**

Petitioner's claims regarding the correctness of his parole denial are not cognizable on federal habeas review. All of the cases that petitioner cites in support of his petition are based on state law and state parole regulations. See Swarthout, 562 U.S. at 222 (reversing Ninth Circuit's determination that parole proceedings violated due process, despite Ninth Circuit's finding that there was "*no* evidence in the record supporting the parole denials," because state parole standards and procedures did not create a federally-protected liberty interest in release from prison) (emphasis in original). Therefore, the undersigned recommends granting respondent's motion to dismiss. See Rule 4 Governing Section 2254 Cases (stating that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."). Leave to amend, although not requested, would be futile. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (finding that futility of amendment, by itself, can justify the denial of leave to amend). For this reason, it is further recommended that the § 2254 petition be dismissed with prejudice.

**IV. Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

////

The court finds that the challenges to your parole denial are not properly raised in a habeas corpus petition because they do not raise federal constitutional issues. It is recommended that respondent's motion to dismiss be granted for this reason.

If you disagree with this recommendation, you have 21 days to explain why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision.

**V. Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE